STATE, ISAAC I. VANDERBECK, PROSECUTOR, v. JERSEY CITY.

Under the charter of Jersey City, a remonstrance filed against a street improvement signed by the requisite number of property-owners, ousts the city of jurisdiction to proceed, and such jurisdiction is not restored by subsequent withdrawal of names of property-owners liable to assessment, reducing it below the one-half representation.

On *certiorari* to review the proceedings for improvement of Fairmount avenue, in Jersey City.

On May 4th, 1880, petition was presented by I. T. Pope and others to the board of works in Jersey City, asking for a widening of Fairmount avenue in said city; and such proceedings were had by that board, together with the board of finance and taxation, in favor of said petition, that on June 14th, 1880, the matter was handed over to the commissioners of assessments and the chief engineer, who, on July 12th of that year, filed their preliminary assessment map and report for the widening. Upon the filing thereof, legal notice was given of a meeting to be held by the board of works on August 16th, 1880, at the rooms of the board, to hear and consider objections to the report or to the improvements. A remonstrance was presented at that meeting signed by owners of property liable for more than one-half the assessment. At a subsequent meeting of the board on September 7th, 1880, two of the subscribers to the remonstrance applied to the board to have their names stricken from the remonstrance. They were allowed to erase their names, and without them the property represented on the remonstrance was less than one-half. Whereupon, the board, by resolution, determined to proceed with the improvement, as if no sufficient remonstrance had been filed. The *certiorari* was brought to test the validity of such resolution and proceeding under it.

Barnegat Beach Association v. Busby.

Argued at June Term, 1882, before Justices SCUDDER and KNAPP.

For the plaintiff, *J. B. Vredenburgh.*

For the defendant, *A. L. McDermott.*

The opinion of the court was delivered by

KNAPP, J. The single question presented here is whether, under the charter of Jersey City, that corporation, after a remonstrance signed by owners of more than half the property liable to assessment for a public improvement like that in controversy, can, by the subsequent withdrawal of the names of some of the remonstrants, get jurisdiction to proceed with the improvement.

The question is not an open one in this court, for in the case of *Jersey City Brewery Co.* v. *Jersey City,* 13 *Vroom,* 575, under a state of facts almost identical with those before us now, it was held that under the twenty-fourth section of the supplement to the Jersey City charter, passed in 1873 (*Pamph. L., p.* 406,) a remonstrance so filed, ousted the city of jurisdiction to proceed with the work, and that it could not be restored by the subsequent withdrawal of names therefrom to reduce it below the one-half representation. That decision controls this case, and it follows that all proceedings subsequently taken by the corporate authorities in the improvement of the street were illegal, and must be set aside, with costs.